ceived was unauthorized, and involuntariness because a defendant was misled as to a material fact that entered into his decision making process to plead guilty.

As to the first facet, involuntariness "per se" because the sentence received was unauthorized: In this case, since the appellant already enjoyed the entire benefits of the plea bargain, and since his probation was revoked for reasons other than that it was discovered to have been granted without authority, it would be tempting to adhere to the cases[3] relying on an estoppel type theory that are cited, and overruled, by the majority. Under the facts of this case, the appellant voluntarily entered into a guilty plea for a benefit, and he fully received that benefit; thus, he cannot now complain that his GUILTY plea was somehow involuntary because the benefit was much later determined to have been unauthorized by law. Tempting as this would be however, I note that the appellant did not raise this issue in the court of appeals, so that is the end of the matter for me.

As to the second facet, involuntariness because the appellant was misled as to a material fact that entered into his decision making process to plead guilty[4]: While this argument (that applicant would not have plead guilty in return for a probated sentence had he known that probation was not authorized) is one line of attack made before us on the court of appeal's analysis,

this issue was not raised in the court of appeals.[5] Thus I would not entertain a claim of involuntariness under either theory.

For the above reasons, I would deny relief based upon any theory that the plea was involuntary, grant relief on his claim that the punishment was unauthorized by law, and remand the case for further proceedings under the authority of *Sewell.* This would have the effect of allowing the trial judge to determine whether the verdict/judgment of guilt would stand. Because the majority does not, I dissent.

OVERSTREET, J., joins this dissent.

Robert Sharpe **PENNOCK**

v.

**STATE.**

No. 0805–91.

Court of Criminal Appeals of Texas, En Banc.

Sept. 11, 1991.

---

3. *Popham v. State,* 154 Tex.Crim. 529, 228 S.W.2d 857 (1950), *Hartley v. State,* 169 Tex.Crim. 341, 334 S.W.2d 287 (1960), and *Tritt v. State,* 379 S.W.2d 919 (Tex.Crim.App.1964).

4. In *Ex parte Pool,* 738 S.W.2d 285 (Tex.Crim.App.1987), this Court found the applicant's guilty plea was not knowingly and voluntarily entered because of his reliance upon the erroneous advice of his counsel as to the minimum punishment he could receive. See also *Ex parte Smith,* 678 S.W.2d 78 (Tex.Crim.App.1984) (Court holds guilty plea not knowingly and voluntarily entered where applicant would not have pled guilty had he known maximum penalty for offense was one-half of what he was told); *Ex parte Hairston,* 766 S.W.2d 790 (Tex.Crim.App.1989) (erroneous advice of counsel on parole eligibility renders guilty plea involuntary when parole eligibility is affirmative part or element of plea bargain); and *Ex parte Stephenson,* 722 S.W.2d 426 (Tex.Crim.App.1987) (guilty plea not knowingly and intentionally made

where applicant induced by plea bargain to plead guilty).

5. Appellant presented the following argument in the court of appeals:

Thus, pursuant to Article 42.12, Sec. 3g(a)(1)(D), the Appellant was not eligible for regular probation for the offense of Aggravated Robbery as he was "adjudged guilty". The Court could have granted deferred adjudication type probation under Article 42.12, Sec. 3d(a). Likewise, a jury is not prohibited from granting probation. *Snow v. State,* 697 S.W.2d 663 (Tex.App.—Houston [1st District] 1985, no pet.). In Cause No. 0328707D, the Court erred in suspending the imposition of the Appellant's sentence and placing him on ten (10) years probation. Therefore, the Court abused its discretion in revoking a probation which was void as a matter of law since the Appellant was not legitimately on probation.

On appellants' petition for discretionary review: granted and remanded to the Court of Appeals.

Samuel Joseph ETTIPIO

v.

STATE.

No. 1031–90.

Court of Criminal Appeals of Texas, En Banc.

Oct. 2, 1991.

Appeal from 351st District Court, Harris County; L. Salenas, Judge.

Prior report: Tex.App., 794 S.W.2d 871 (1990).

On appellants' petition for discretionary review: dismissed as improvidently granted.

Robert CREE

v.

STATE.

No. 1015–91.

Court of Criminal Appeals of Texas, En Banc.

Oct. 2, 1991.

Appeal from 347th Judicial District Court, Nueces County; Eric Brown, Judge.

Prior report: Tex.App., 814 S.W.2d 74 (1991).

On appellants' petition for discretionary review: abated.

James L. SULLIVAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 327–91.

Court of Criminal Appeals of Texas, En Banc.

Oct. 23, 1991.

Logene J. Foster, Sugar Land, for appellant.

Sam W. Dick, Dist. Atty., and Kathy Milan and Cathleen C. Herasimchuk, Asst. Dist. Attys., Richmond, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted by a jury of driving while intoxicated, and the trial court assessed punishment at one hundred eighty days in jail and a fine of $1,000, all of which was probated. The Court of Appeals affirmed the conviction. *Sullivan v. State*, 807 S.W.2d 342 (Tex.App.—Houston [14th] 1991). In grounds for review numbers three, four, and five appellant contends the Court of Appeals erred in upholding the trial court's refusal to quash the information alleging this offense.